UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

JESSICA AGUAYO,

an Individual

    Plaintiff,

v.

LOVING HANDS FOR THE NEEDY, INC.,
a Florida Not For Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jessica Aguayo, ("Ms. Aguayo" or "Plaintiff") files this Complaint against Defendant, LOVING HANDS FOR THE NEEDY, INC., ("LHN" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") to recover from Defendant back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

3. At all times relevant hereto, Plaintiff was an employee of Defendant.

4. Plaintiff worked for Defendant in Palm Beach County, Florida, and this venue is therefore proper.

5. Defendant is a Florida Not for Profit Corporation that is located and does business in Palm Beach County, Florida, and is therefore within the jurisdiction of the Court.

6. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability," and her request for reasonable accommodation.

7. Defendant was at all times an "employer" as envisioned by the ADA as it employed in excess of fifteen (15) employees.

## **CONDITIONS PRECEDENT**

8. On or around May 9, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

9. On or around April 11, 2024, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

10. Plaintiff timely files this action within the applicable period of limitations against Defendant.

11. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

12. Ms. Aguayo, who suffers from ADA-protected disability (brain aneurysm) worked for LHN as a Human Resources Manager from February 15, 2021, until her unlawful and retaliatory termination on May 9, 2021.

13. During her employment, Ms. Aguayo was an excellent employee, with no significant history of non-disability-related attendance, disciplinary, or behavioral issues.

14. Unfortunately, during the course of her employment, Ms. Aguayo's brain aneurysm caused her to be hospitalized in a life-threatening medical event.

15. Due to the severity of the condition, Ms. Aguayo's physicians recommended that she undergo immediate surgery.

16. On March 30, 2021, Ms. Aguayo was admitted to the hospital due to what she would later discover was a life-threatening brain aneurysm.

17. That day, Ms. Aguayo's daughter, Josette, contacted LHN Executive Director, John Miller ("Mr. Miller"), and informed him that her mother had been hospitalized due to a serious condition and could not report to work that day.

18. As time went on, Ms. Aguayo's doctor discovered a that the cause of her illness is a serious brain aneurysm which required immediate surgery that was quickly scheduled for April 5, 2021.

19. Throughout this process, Ms. Aguayo, her daughter, and her sister, Dolinda Burgos, kept Mr. Miller appraised of all developments to the best of their ability.

20. It is important to note that Ms. Aguayo did not receive a diagnosis until she was hospitalized, and that due to COVID-19, her daughter was not allowed to see Plaintiff when she was initially hospitalized and incapacitated.

21. Despite this, Plaintiff and her relatives maintained an open line of communication with Mr. Miller and provided him with regular updates.

22. Despite their efforts, on April 8, 2021, LHN Social Worker, Ms. Perez, informed Ms. Aguayo that Mr. Miller was reportedly irate at Ms. Aguayo due to her hospitalization and need for accommodations/time off.

23. Anxious and still recovering from major surgery, Ms. Aguayo contacted Mr. Miller, who angrily complained about not being provided with enough information regarding Plaintiff's hospitalization.

24. Shocked, Ms. Aguayo reminded Mr. Miller that her sister had contacted him the day of her hospitalization and that she had personally emailed him a doctor's note just a day earlier.

25. At this point, Ms. Aguayo began to fear that Mr. Miller and LHN would weaponize her disability and need for hospitalization against her to push her out of her employment.

26. Throughout the subsequent days, Ms. Aguayo focused on recovering from her surgery and on May 6, 2021, she informed Mr. Miller that she would be able to return to work on May 10, 2021, without any restrictions.

27. On May 9, 2021, however, Mr. Miller told Ms. Aguayo that her return-to-work letter was not valid, seemingly due to it being electronically signed.

28. Mr. Miller subsequently informed Plaintiff that she would not be able to return to work because LHN was "worried about her health."

29. Again, Mr. Miller attempts to supplant Ms. Aguayo's medical providers and refuses to allow her to return to work, despite her ability to work without restrictions.

30. When Ms. Aguayo objected to Mr. Miller's discriminatory and retaliatory behavior, the latter then stated that he was demoting Ms. Aguayo to a part time position and that she could "take it or leave it."

31. When Ms. Aguayo refused to be demoted, Mr. Miller terminated her, effective immediately and in violation of the law.

32. It is clear that LHN discriminated against Ms. Aguayo based on her disabilities/hospitalization and retaliated against her based on same.

33. It is clear that Ms. Aguayo's disability and request for accommodation/leave were seen as problematic to LHN managers, and they believed the solution was to simply force her out.

34. Any other reason theorized by LHN is mere pretext.

35. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of her job.

36. Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her disability and her need for accommodation under the ADA.

37. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

38. The timing of Plaintiff's termination makes the causal connection between her disability disclosure/request for reasonable accommodation under the ADA and her termination sufficiently clear.

39. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA.

40. Defendant was aware of Plaintiff's ADA-protected disability and need for accommodation.

41. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is protected class member as envisioned by the ADA.

42. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

43. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA were intended to prevent.

44. Defendant did not have a good faith basis for its actions.

45. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

46. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

47. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

48. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

49. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 48 above.

50. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

51. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

52. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

53. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

54. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

55. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## RETALIATION UNDER THE ADA BASED ON DISABILITY

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 48 above.

59. Plaintiff was terminated within close temporal proximity of her objections to Defendant that he felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

60. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

61. Plaintiff was terminated as a direct result of her objections to what he reasonably believed to be disability discrimination, and her request for reasonable accommodation.

62. Plaintiff's protected activity, and her termination, are causally related.

63. Defendant's stated reasons for Plaintiff's termination are a pretext.

64. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

67. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

***(Remainder of page left intentionally blank)***

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 5th day of July 2024.

                                                                   Respectfully Submitted,

                                                                   ***By: /s/ Noah Storch***
                                                                   Noah E. Storch, Esq.
                                                                   Florida Bar No. 0085476
                                                                  RICHARD CELLER LEGAL, P.A.
                                                                  10368 W. SR 84, Suite 103
                                                                  Davie, Florida 33324
                                                                  Telephone: (866) 344-9243
                                                                  Facsimile: (954) 337-2771
                                                                  E-mail: noah@floridaovertimelawyer.com